In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00128-CR


______________________________




STEPHEN CHRISTOPHER MUSSELL, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the County Court


Lamar County, Texas


Trial Court No. 47430




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Stephen Christopher Mussell, appellant, has filed with this Court a motion to dismiss his
appeal. The motion is signed by Mussell and his counsel in compliance with Rule 42.2(a) of the
Texas Rules of Appellate Procedure. See Tex. R. App. P. 42.2(a). As authorized by Rule 42.2, we
grant the motion. See Tex. R. App. P. 42.2.

 Accordingly, we dismiss the appeal.



 Jack Carter

 Justice


Date Submitted: September 10, 2007

Date Decided: September 11, 2007


Do Not Publish



style="font-variant: small-caps">MEMORANDUM OPINION

            Bob Harold Leach pled guilty to the offense of aggravated kidnapping and asked the trial
court to assess punishment. Leach had no negotiated plea agreement with the State. The trial court
assessed Leach's punishment at imprisonment for life. In a single issue on appeal, Leach contends
the State failed to provide adequate notice of its intent to introduce evidence of an extraneous crime
or bad act, and, accordingly, the trial court erred by admitting evidence of that extraneous offense
in violation of Article 37.07 of the Texas Code of Criminal Procedure. See Tex. Code Crim. Proc.
Ann. art. 37.07 (Vernon Supp. 2004). Because Leach failed to request such notice, he was not
entitled to it. Therefore, we affirm the trial court's judgment. 
            Article 37.07, Section 3(g) states that a request is necessary:
On timely request of the defendant, notice of intent to introduce evidence under this
article shall be given in the same manner required under Rule 404(b), Texas Rules
of Criminal Evidence. If the attorney representing the state intends to introduce an
extraneous crime or bad act that has not resulted in a final conviction in a court of
record or a probated or suspended sentence, notice of that intent is reasonable only
if the notice includes the date on which and the county in which the alleged crime or
bad act occurred and the name of the alleged victim of the crime or bad act. The
requirement under this subsection that the attorney representing the state give notice
applies only if the defendant makes a timely request to the attorney representing the
state for the notice.
 
Tex. Code Crim. Proc. Ann. art. 37.07, § 3(g) (emphasis added).
            The record in this case contains no evidence Leach sent a self-executing letter to the State
requesting advance notice, pursuant to Article 37.07, of the State's intent to introduce extraneous
offense evidence at trial. Nor is there any evidence in the record that Leach made such a "timely
request" of the State. As such, the State had no duty to provide notice under Article 37.07 of the
State's intent to introduce evidence of an extraneous offense. See Hartson v. State, 59 S.W.3d 780,
787 (Tex. App.—Texarkana 2001, no pet.). Absent such an obligation, the defendant cannot claim
error on appeal regarding the adequacy of any voluntary Article 37.07 notification provided by the
State.
            We overrule Leach's sole point of error and affirm the trial court's judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          July 15, 2004
Date Decided:             July 21, 2004

Do Not Publish